UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DERICK JERROD BROWN (#50808)

VERSUS                                              CIVIL ACTION

STATE OF LOUISIANA, ET AL                           NUMBER 13-84-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 31, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERICK JERROD BROWN (#50808)

VERSUS                                        CIVIL ACTION

STATE OF LOUISIANA, ET AL                     NUMBER 13-84-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

This case is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether the complaint should be dismissed as frivolous.

Pro se plaintiff, an inmate at East Baton Rouge Parish Prison, Scotlandville, Louisiana filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the City of Baton Rouge, Louisiana, East Baton Rouge Parish Sheriff Sid Gautreaux, III, East Baton Rouge Parish Prison Warden Dennis Grimes, Emergency Medical Service ("EMS")/Prison Medical Service, and Health Care Manager Linda Ottesen.  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.  Specifically, the plaintiff alleged that on October 31, 2012, at approximately 2:45 a.m., he informed Dy. Adams that he was declaring himself a medical emergency. Plaintiff alleged that Dy. Adams advised EMS/Prison Medical Service personnel that the plaintiff had declared himself a medical emergency.  Plaintiff alleged that he was told by Dy. Adams that

EMS medical personnel responded "they are not doing emergencies." Plaintiff alleged that EMS medical personnel failed to assess his medical condition before determining that his medical condition was not an emergency.

At the *Spears* hearing the plaintiff stated that he is currently being detained at the parish prison on new criminal charges and on a parole hold by the Louisiana Parole Board. Plaintiff stated that prior to the October 2012 incident he was diagnosed with high blood pressure for which he was prescribed medication and was being treated. Plaintiff stated that he was examined by medical personnel on October 15 and October 23, 2012 regarding his high blood pressure.

Plaintiff stated that on October 31, at approximately 2:45 a.m., he experienced what he described as kidney pain and numbness in his arm which he attributed to his high blood pressure. Plaintiff stated that after EMS personnel failed to provide him with emergency medical treatment he prepared an administrative grievance.

Plaintiff stated that between 5:30 a.m. and 6:00 a.m., he gave the administrative grievance to Sgt. Coleman. Plaintiff stated that Sgt. Coleman took him to the medical department to get his blood pressure medication and for evaluation. Plaintiff alleged that his blood pressure was monitored by medical personnel and, because it remained elevated after taking his medication, he was

examined by a doctor.  Plaintiff alleged that treating physician increased the dosage of his current medication and prescribed an additional blood pressure medication.

## I. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Absolute Immunity

Plaintiff named the State of Louisiana as a defendant.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens

of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.

**C. Respondeat Superior**

Plaintiff named the City of Baton Rouge, Sheriff Gautreaux, Warden Grimes, and Health Care Manager Ottesen as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Sheriff Gautreaux, Warden Grimes and Health Care Manager Ottesen are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct.

4

2018 (1978).

### D. Deliberate Indifference

Plaintiff alleged that he was denied emergency medical treatment.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

Plaintiff complained that he did not receive prompt medical treatment.  At the *Spears* hearing, the plaintiff conceded that he received medical treatment within three hours after first requesting it.  Moreover, the plaintiff did not allege that he suffered any harm as a result of the minor delay.  Plaintiff's allegations, as supplemented at the *Spears* hearing, lack an arguable basis in fact to support an Eighth Amendment violation.

5

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), without prejudice to any state law claim, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint and as supplemented at the *Spears* hearing.

Baton Rouge, Louisiana, July 31, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE